IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:18-CR-54-FL

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>TERRENCE DENON MILLER, )<br>a/k/a "Wank" )<br>)<br>Defendant. | ORDER |

This matter is before the court upon the government's motion for forfeiture of property and preliminary order of forfeiture. (DE 113). For the following reasons, the motion is granted in part and denied in part, as set forth herein.

### BACKGROUND

As pertinent to the instant motion, on May 6, 2020, defendant pleaded not guilty to an indictment charging him with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 ("count one"), and possession with intent to distribute 50 grams or more of methamphetamine and a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) ("count two"). The indictment included a forfeiture notice, listing, in pertinent part, the following property: gross proceeds personally obtained by the defendant in an amount of at least $1,825,000.00 and a 2007 Mercedes Benz, S550 Coupe bearing VIN: WDDNG71X67A077164 ("2007 Mercedes").

On August 20, 2020, a jury rendered a guilty verdict on both counts, finding defendant accountable for 50 grams or more of methamphetamine and a quantity of less than 500 grams of

1

cocaine on count one, and 50 grams or more of methamphetamine and a quantity of heroin on count two. The jury also returned a special verdict, finding by a preponderance of the evidence that the 2007 Mercedes was subject to forfeiture. Shortly thereafter, the government filed the instant motion, requesting that the court order forfeiture of $1,825,000.00, representing the gross proceeds of the offenses of conviction, and issue a preliminary order of forfeiture as to the 2007 Mercedes.

At sentencing on September 7, 2021, Joshua Stocks ("Officer Stocks"), a task force officer with the United States Drug Enforcement Administration and sergeant with the Wayne County Sheriff's Office, testified that defendant previously admitted to purchasing two kilograms of cocaine every day or every other day for two years, which amounts to approximately 749 kilograms of cocaine. During cross-examination, defense counsel elicited testimony from Officer Stocks that defendant was never found to possess tens or hundreds of kilograms of cocaine during his numerous arrests. The court did not find credible evidence suggesting that defendant purchased two kilograms of cocaine every day or every other day, and instead held defendant accountable for 499 grams of cocaine.

## COURT'S DISCUSSION

A.    Standard of Review

Federal Rule of Criminal Procedure 32.2 establishes a framework for criminal forfeiture. "As soon as practical after a verdict or finding of guilty . . . on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). "If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." Id. "The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or

2

information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B).

The applicable forfeiture statute, 21 U.S.C. § 853, "requires the surrender of any property derived from the proceeds of illegal drug activities, or any property used in any way to facilitate the commission of such violations." United States v. Tanner, 61 F.3d 231, 233 (4th Cir. 1995) (citing 21 U.S.C. § 853(a)). "The government must establish by a preponderance of the evidence the requisite nexus between the proceeds or property to be forfeited and the offense of conviction." Id. at 236.

B. Analysis

The government requests that the court order forfeiture of $1,825,000.00, representing the gross proceeds of the offenses of conviction, and issue a preliminary order of forfeiture as to the 2007 Mercedes. Where the jury found the 2007 Mercedes to be proceeds of the instant offense, the court grants the motion as it relates to the 2007 Mercedes.[1]

Turning to gross proceeds, the government calculated the $1,825,000.00 amount as follows:

> The amount of $1,825,000.00 represents a conservative estimate of the amount of gross proceeds the defendant personally obtained during the course of the conspiracy from the sale of methamphetamine [sic]. The Defendant stated to officers that from 2010 to 2017, he and his brother regularly purchased kilogram amounts of cocaine. He would purchase a kilogram for $39,000 and then sell it for $44,000. He would purchase two kilograms every day or every other day for two years, resulting in a conservative drug weight of 365 kilos over the course of the conspiracy. At a profit of $5,000 per kilo, this results in proceeds of at least $1,825,000.

---

[1] The special verdict form omitted reference to the gross proceeds amount of $1,850,000.00. A defendant is not entitled to a jury trial to determine the amount of a forfeiture money judgment. See Fed. R. Crim. P. 32.2(b)(1)(A) ("If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay"); see also United States v. Jameel, 626 F. App'x 415, 419 (4th Cir. 2015) ("To the extent Jameel claims he was entitled to a jury trial to determine the amount of the money judgment, his argument is without merit . . . right to jury trial under Fed.R.Crim.P. 32.2(b)(5) applies only to specific property, not to the amount of a money judgment." (citing United States v. Curbelo, 726 F.3d 1260, 1277 (11th Cir. 2013)).

3

(Mot. (DE 113) at 2, n.1). However, the court did not find credible evidence suggesting that defendant purchased two kilograms of cocaine every day or every other day for two years. Instead, the court held defendant accountable for 499 grams of cocaine. Under the government's calculation method, 499 grams of cocaine is equivalent to $2,495.00 in proceeds.[2] Accordingly, the court orders forfeiture in the amount of $2,495.00.

## CONCLUSION

Based on the foregoing, the government's motion for forfeiture of property and for preliminary order of forfeiture (DE 113) is GRANTED IN PART and DENIED IN PART, as follows:

1. The following property is hereby forfeitable pursuant to 21 U.S.C. § 853(a), to wit:

    a. $ 2,495.00, an amount representing proceeds the defendant obtained directly or indirectly as a result of the said offenses and for which the United States may forfeit substitute assets; and

    b. 2007 Mercedes Benz, S550 Coupe bearing VIN: WDDNG71X67A077164.

2. The United States is now entitled to entry of a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(2); and to seize the specific property subject to forfeiture, to conduct any discovery the Court considers proper in identifying, locating, or disposing of the property, and to commence proceedings that comply with any statutes governing third-party rights, as provided by Fed. R. Crim. P. 32.2(b)(3).

3. Pursuant to 21 U.S.C. § 853(a), the defendant shall forfeit $2,495.00 to the United States as property constituting or derived from proceeds obtained, directly or

---

[2] 499 grams equals .499 kilograms, and .499 kilograms multiplied by $5,000.00 equals $2,495.00.

indirectly, as a result of the said offenses.

4. Pursuant to 21 U.S.C. § 853(p), the United States is entitled to forfeit substitute assets up to the value of the gross proceeds obtained by the defendant, that is $2,495.00.

5. Pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States may move to amend this order at any time to substitute specific property to satisfy this order of forfeiture in whole or in part.

6. Any and all forfeited funds shall be deposited by the U.S. Department of Justice or the U.S. Department of the Treasury, as soon as located or recovered, into the U.S. Department of Justice's Assets Forfeiture Fund or the U.S. Department of the Treasury's Assets Forfeiture Fund in accordance with 28 U.S.C. § 524(c) and 21 U.S.C. § 881(e).

7. Upon entry of judgment, the clerk is DIRECTED to incorporate a reference to this order of forfeiture in the applicable section of the Judgment, as required by Fed. R. Crim. P. 32.2(b)(4)(B). In accordance with Fed. R. Crim. P. 32.2(b)(4)(A), this Order shall be final as to the defendant at sentencing.

8. Pursuant to 21 U.S.C. § 853(n), the United States shall publish notice of this order and of its intent to dispose of the property in such manner as the Attorney General or the Secretary of Treasury directs, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Supplemental Rule G(4). Any person other than the defendant, having or claiming any legal interest in the subject property must file a petition with the Court within 30 days of the publication of notice or of receipt of actual notice, whichever is earlier. The petition must be signed by the petitioner under penalty of perjury and shall set forth the nature and

extent of the petitioner's right, title, or interest in the subject property, and must include any additional facts supporting the petitioner's claim and the relief sought.

9. Upon adjudication of all third party interests this Court will enter a final order of forfeiture as required by Fed. R. Crim. P. 32.2(c)(2).

SO ORDERED, this the 10th day of September, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge