IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:18-CR-54-FL

| | | |
|---|---|---|
| TERRENCE DENON MILLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, (DE 167) (the "§ 2255 motion"), petitioner's motions to supplement the § 2255 motion (DE 179, 185), petitioner's motions to compel, to amend, and for an evidentiary hearing (DE 186, 190, 191), and respondent's motion to dismiss (DE 175). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Robert T. Numbers, II entered memorandum and recommendation ("M&R") (DE 187), wherein it is recommended that the court deny petitioner's § 2255 motion and motions to supplement, and grant respondent's motion. Petitioner filed objections. For the following reasons, the court adopts the M&R, denies petitioner's motions and grants respondent's motion.

## BACKGROUND

Petitioner was indicted for 1) conspiracy to distribute and possess with the intent to distribute 50 grams or more of methamphetamine and five kilograms or more of cocaine, and 2) possession with the intent to distribute 50 grams or more of methamphetamine and a quantity of heroin. After a jury trial in which defendant was represented by counsel, petitioner was convicted

of both counts and sentenced to 340 months' imprisonment. Petitioner appealed his conviction, which the United States Court of Appeals for the Fourth Circuit affirmed on December 5, 2022.

## DISCUSSION

A.   Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).[1] Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent

---

[1]   In citations in this order, all internal quotations and citations are omitted, unless otherwise specified.

2

with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B. Analysis

The magistrate judge thoroughly and cogently addressed the grounds for dismissal of the instant § 2255 motions. Upon de novo review of the claims asserted and the record in this case, the court overrules the objections and adopts the findings and recommendation in the M&R.

First, petitioner raises a new argument that his counsel was ineffective for failing to challenge the government's lack of evidence of the purity of the methamphetamine underlying his indictment and conviction. But petitioner made stipulations about the requisite quantity of methamphetamine and the requisite purity from which the jury could reasonably have made the necessary inferences. (See Trial Tr. Day 1 (DE 173) 158:25–160:11).

Petitioner's next objections are challenges to the court's denial of his motion for acquittal at the close of the government's case and, he claims, that he was improperly convicted of conspiring with a government informant. However, petitioner could have raised these arguments on direct appeal, so they are now barred. E.g., Massaro v. United States, 538 U.S. 500, 504 (2003).

Petitioner's next argument is a sufficiency of the evidence claim. (See Objs. (DE 189) 3 ("no witness cites any conspirital/elements [sic]")). This claim could have been raised on direct appeal and is therefore barred. Massaro, 538 U.S. at 504.

Next, petitioner renews his challenge to his counsel's tactical handling of the government's Federal Rule of Evidence 404(b) evidence. (See Objs. at 4–6). The court agrees with the M&R that even assuming petitioner can establish deficient performance of counsel, he cannot demonstrate prejudice in light of the overwhelming case against him and the Fourth Circuit's

3

recognition upon Anders[2] review that no meritorious grounds for appeal existed. (See Trial Tr. Day 1 at 30–31, 40–43, 86–99, 169–73; 4th Cir. Op. (DE 158)).

Petitioner next claims he was unlawfully convicted of unindicted crimes involving hydrocodone and oxycodone. (Objs. at 6–7). This claim is flatly contradicted by the record. (See Jury Verdict (DE 105)).

Petitioner renews his argument that his trial counsel was ineffective for failing to raise a challenge to the dates listed in the indictment. (Objs. at 7). The court agrees with the M&R that this objection was in fact made by implication through counsel's general challenge to the sufficiency of the evidence during counsel's motion for acquittal argument.

Finally, petitioner argues that the government failed to introduce evidence of his involvement in any conspiracy each year from 2010 to 2018, as he claims was required, and that the government provided no evidence of conspiratorial activity before 2017. (Objs. at 7, 10). Even assuming the former is an accurate statement of law, these challenges are, therefore, sufficiency of the evidence claims that could have been raised on direct appeal. Petitioner's failure to do so bars these claims. Massaro, 538 U.S. at 504.

Next, the court turns to petitioner's other motions.[3] The M&R rightly denied petitioner's two motions to supplement, and petitioner did not raise procedurally proper objections to these rulings, which this court therefore adopts without further discussion. Petitioner's amended motion to vacate, construed as a motion for leave to amend, fails for the same reasons as discussed above:

---

[2] Anders v. California, 388 U.S. 924 (1967).

[3] Petitioner appealed several of the magistrate judge's non-dispositive rulings. (See Notice of Appeal (DE 192); Notice of Appeal (DE 193); Notice of Appeal (DE 194)). Although the notices purport to appeal to the Fourth Circuit, these non-dispositive rulings are not appealable final orders. E.g., McClelland v. Angelone, 18 F. App'x 78, 79 (4th Cir. 2001). And a purported appeal from a non-appealable order does not divest the district court of jurisdiction. See United States v. Jones, 367 F. App'x 482, 484 (4th Cir. 2010).

4

it presents only procedurally defaulted challenges to the sufficiency of the evidence and petitioner's sentence. This motion accordingly is denied.

Finally, petitioner moves to compel the government to produce discovery material and for an evidentiary hearing. Having concluded that petitioner's motion to vacate fails, no evidentiary hearing is necessary or appropriate, so this latter motion is denied. Petitioner makes no showing in his motion to compel, meanwhile, that the requested material is even relevant, much less that any production would be procedurally appropriate in light of the failure of his motion to vacate. This motion is therefore also denied.

### C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 187). Petitioner's § 2255 motion (DE 167) is DENIED, and respondent's motion to dismiss (DE 175) is GRANTED. Petitioner's motions to supplement (DE 179, 185) are DENIED. Petitioner's amended § 2255 motion, construed as a motion for leave to amend (DE 186) is DENIED. Petitioner's motions to compel (DE 190) and for an evidentiary hearing (DE 191) are DENIED. This action is

DISMISSED for failure to state a claim upon which relief can be granted. A certificate of appealability is DENIED. The clerk is DIRECTED is close this case.

SO ORDERED, this the 19th day of May, 2025.

                                            LOUISE W. FLANAGAN
                                            United States District Judge